Tuesday, 26 June, 2018 04:02:34 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 18-cv-1086-MMM |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, has filed suit pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff claims that the trial judge in his criminal case applied the wrong statutory guideline and that his 30 year sentence is illegal and unconstitutional. Plaintiff also claims that he is a German citizen and should have been provided access to the German Consulate. Plaintiff requests money damages and injunctive relief, his immediate release from custody. Plaintiff does not name the trial court judge or any other individual, and names only the United States and

various federal prisons, FCI-Pekin, the Metropolitan Correctional Center in Chicago, Illinois, FCI-Terre Haute, Indiana and FCI-Beaumont, Texas.

To state an actionable *Bivens* claim, a plaintiff must allege that an individual acting under color of state law deprived him of a federal right. *Moorer-Bey v. Fed. Bureau of Prisons*, No. 12-212, 2012 WL 1409500, at *2 (S.D. Ill. Apr. 22, 2012) (internal citations omitted); *Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005) ("federal prisoners suing under *Bivens* may sue relevant [government] officials in their individual capacity only.") Here, Plaintiff asserts a claim against the United States and various Federal Institutions none of which are "individuals" amendable to suit under *Bivens*. *See Moorer-Bey* , 2012 WL 1409500, at *2 (dismissing the Federal Bureau of Prisons as a party to a Bivens action). "[A] *Bivens* action…may be brought only against a federal employee in his or her individual capacity, not against the federal government or its agencies."

The United States may, of course, be sued under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), but only to the extent that plaintiff has a parallel claim under state law. *Smith v. United States*, No. 15-33, 2016 WL 3165533, at *8 (S.D. Ill. June 7, 2016), *aff'd,* 16-3117, 2017 WL 391872 (7th Cir. Jan. 27, 2017). "Thus, an alleged violation of a federal statute or agency directive can only form the basis for an FTCA claim if the state law imposes a similar obligation upon private persons." *Id*. at 8. However, Plaintiff has not asserted an FTCA claim here, and even if he had, he could not obtain immediate release from custody, as the FTCA does not provide for injunctive relief. *See* 28 U.S.C. § 1346(b) (suit against the United States many only assert money damages).

Plaintiff's complaint must be dismissed for the additional reason that it is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), which prohibits an action which would challenge the

validity of an underlying conviction or sentence. The *Heck*-bar applies unless "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. The *Heck* rule "is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen,* 466 F.3d 619, 621 (7th Cir.2006). If a prisoner wishes to challenge his conviction or sentence, he may only do so through a habeas corpus action after the exhaustion of state court remedies. *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006).

Here, Plaintiff claims that his sentence was illegal and unconstitutional, and that he must be released. A finding in his favor would, of necessity, challenge the validity of the underlying conviction and sentence, and is prohibited under *Heck*. *Figueroa v. U.S.*, 596 Fed.Appx. 513, 515 (7th Cir. 2015) (applying the bar of *Heck* v. *Humphrey* to *Bivens* actions).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is DISMISSED for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. While any proposed amended complaint might be futile under the circumstances, Plaintiff will be given an opportunity to replead, within 30 days. If Plaintiff files an amended complaint it is to be captioned First Amended Complaint and is to contain all of his claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case without prejudice.

2) All pending motions are vacated with leave to reassert if Plaintiff files an amended complaint.

  6/26/2018               s/Michael M. Mihm
ENTERED                MICHAEL M. MIHM
                    UNITED STATES DISTRICT JUDGE