E-FILED
Wednesday, 12 December, 2018 01:53:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT SMITH, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 18-cv-1086-MMM |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW - THIRD AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, is currently confined at the Federal Penitentiary in Lompoc, California. At the time he filed this action he was confined the Federal Penitentiary in Pekin, Illinois, "FCI-Pekin." Plaintiff's original complaint alleged a *Bivens* claim against the United States of America, FCI-Pekin, the Metropolitan Federal Correctional Center in Chicago, Illinois, FCI-Terre Haute and FCI-Beaumont.[1] Plaintiff asserted that Defendants had, pursuant to an unconstitutionally enhanced sentence, held him beyond his correct release date. The third amended complaint names the United States and uses the "et al." designation, presumably referring to the four prisons identified in the original complaint.

The case is before the Court for a merit review of Plaintiff's third amended complaint, pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

1

requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's original complaint alleged that Judge Ruben Castillo who presided at his criminal trial in Chicago, Illinois, had applied the wrong guidelines in determining his sentence of incarceration. Plaintiff does not name Judge Castillo in the third amended complaint, which is directed only against the four penitentiaries and the United States of America. Plaintiff asserts that the Defendants violated his constitutional rights when they enforced Judge Castillo's sentencing order, wrongfully subjecting him to an enhanced sentence.

Plaintiff's original complaint was dismissed for a variety of reasons, including that the claim was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* prohibits an action for money damages under § 1983 which would challenge the validity of an underlying conviction or sentence. The *Heck* bar applies "until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. The *Heck*-bar applies to *Bivens* claims in the same way it applies under § 1983. *See Figueroa v. U.S.*, 596 Fed.Appx. 513, 515 (7th Cir. 2015) citing *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (applying *Heck* to *Bivens* claims). If a prisoner wishes to challenge his conviction or sentence, he may only do so through a habeas corpus action after the exhaustion of state court remedies. *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006).

While the Court noted that Plaintiff's claim was likely futile due to the *Heck*-bar, it allowed him to replead. On July 24, 2018 Plaintiff filed a first amended complaint and, on August 16, 2018, a second amended complaint prior to the merit review of the first amended complaint.

2

On September 5, 2018, Plaintiff filed his third amended complaint, requesting his immediate release from custody and $1,750,000.00 in damages for each of the 54 months he had been wrongfully held. Plaintiff did not use a form complaint when drafting the third amended complaint and did not identify the statutory authority under which he was proceeding. It is uncertain, therefore, whether Plaintiff continues to assert his claim under *Bivens*. If this is his intent, the third amended complaint must fail as *Heck*-barred.

If Plaintiff is not proceeding under *Bivens*, but proceeding under the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 1346(b), the only proper Defendant is the United States, not the various penitentiaries identified in the complaint. Further, as noted in the original merit review order, Plaintiff may not obtain the requested injunctive relief, immediate release from custody, under the FTCA. *See* 28 U.S.C. § 1346(b) (suit against the United States many only assert money damages).

It appears that Plaintiff cannot obtain a release from custody other than by filing a habeas petition. If Plaintiff's habeas petition is successful, if the term of his sentence is invalidated, reversed or otherwise impugned, he may then proceed under *Bivens*, seeking money damages. Plaintiff is advised that if files a subsequent *Bivens* action, he must name the individual federal employees whom he holds liable, not the facilities at which they were employed. *See Davis v. Passman*, 442 U.S. 228 (1979).

**IT IS THEREFORE ORDERED:**

1) Plaintiff has filed a motion for emergency relief [36], in which he repeats the allegations of the complaint and reasserts claims for injunctive relief and money damages. [36] is DENIED for the reasons indicated herein.

2) The third amended complaint is DISMISSED without prejudice, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment would be futile as Plaintiff's claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). This case is therefore closed. All deadlines and pending motions are VACATED. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

12/12/2018
ENTERED

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE